UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

EHUD HALEVY,

                                  Plaintiff

-against-

THE CITY OF NEW YORK, POLICE OFFICER LUIS
A. VEGA, shield no. 24891, and POLICE OFFICER
YELENA BRUZZESE, shield no. 9139

                                Defendants.
------------------------------------------------------------------ X

**FIRST AMENDED COMPLAINT**

**CV 13-0339 (CBA)(RLM)**

**JURY TRIAL DEMANDED**

**ECF CASE**

## PRELIMINARY STATEMENT

1.     This civil rights action is brought in response to the violent acts of police abuse against plaintiff Ehud Halevy ("plaintiff or "Halevy"). Plaintiff seeks to recover money damages because defendants' conduct violated his rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and his rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws of the State of New York. Ehud Halevy was asleep on a couch at a Brooklyn youth center when he was roused by two New York City police officers who, without provocation, beat him for more than two minutes—including repeatedly punching him all over his body— repeatedly struck him with a baton, restrained him, and pepper sprayed him. Halevy was deprived of his constitutional and common law rights when the

1

individual defendants utilized excessive force, committed an unwarranted and malicious assault and battery on him, unlawfully confined him, and caused his unjustifiable arrest and prosecution.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and (a)(4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all State law claims for relief which derive from the same nucleus of operative facts and are part of the same cause or controversy that give rise to the federally based claims for relief.

## VENUE

4. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C § 1391(a), (b) and (c), and because the claims arose and plaintiff resides in this district.

## PARTIES

5. Plaintiff Ehud Halevy is a resident of Kings County, State of New York.

6. New York City Police Officer Luis A. Vega, shield number 24891, is and was at all relevant times an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the beating, he was assigned to the 71st precinct. Police Officer Vega is being sued in his individual and official capacity.

7. New York City Police Officer Yelena Bruzzese, shield number 9139, is and was at all relevant times an officer, employee, and agent of the NYPD. On the date of the

beating, she was assigned to the 71st precinct. Police Officer Bruzzese is being sued in her individual and official capacity.

8. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all relevant times, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

9. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the NYPD.

## STATEMENT OF FACTS

10. On October 8, 2012, plaintiff Ehud Halevy was sleeping on a couch at the ALIYA (Alternative Learning Institute for Young Adults) Youth Center in the Crown Heights section of Brooklyn, New York ("Youth Center").

11. At approximately 4 a.m. defendants Vega and Bruzzese roused Halevy from his sleep and attempted to force him to leave the Youth Center.

12. Halevy informed Vega and Bruzzese that he was authorized and had permission to sleep at the Youth Center.

13. When defendant officers persisted in attempting to force Halevy to leave the Youth Center and attempted to handcuff him, Halevy pulled his arms away.

14. Vega then crouched in a boxer stance and swung his clenched fist at Halevy's head, causing Halevy to land face down on a nearby couch.

15. Bruzzese held Halevy down on the couch while Vega continued to punch and strike Halevy repeatedly, approximately two dozen times.

16. Vega also held Halevy down, continued to punch and strike Halevy, placed his arm on Halevy's neck and shoved his face into the couch.

17. Bruzzese also repeatedly beat Halevy with her baton and pepper sprayed him in his face and eyes.

18. The beating by Vega and Bruzzese proceeded on the couch for a period of more than two minutes.

19. Halevy then was forcibly taken from the couch and dragged onto the floor where the beating continued.

20. Halevy was arrested and, in a complaint sworn to by defendant Bruzzese, charged with assault, resisting arrest, obstructing governmental administration, criminal trespass, trespass, harassment, and unlawful possession of marihuana.

21. The criminal complaint filed against Halevy by defendants Vega and Bruzzese alleged that Halevy struck both Vega and Bruzzese "about the body."

22. Halevy did not strike or attempt to strike any of the police officers.

23. Plaintiff was imprisoned for approximately four days.

24. On October 24, 2012, the criminal prosecution was terminated favorably to Halevy when the case was dismissed by a judge of the Criminal Court of the City of New

York at the recommendation of the Kings County District Attorney's Office, which conducted an investigation into this matter.

25. The assault on Halevy by Vega and Bruzzese was in excess of their rightful authority as NYPD officers. This assault was made without proper cause.

26. Defendants' conduct caused Halevy to sustain physical pain and suffering and psychological and emotional trauma. Their actions constituted outrageous and reckless conduct, and demonstrated a callous indifference to and willful disregard of plaintiff's federal and state protected rights.

27. A notice of claim was served on the Comptroller of the City of New York. At least thirty days have elapsed since the service of such notice, and adjustment and/or payment has been neglected and/or refused.

28. A 50-h hearing was held on May 13, 2013 and continued and concluded on June 19, 2013.

### FIRST CLAIM FOR RELIEF

### Violation of Plaintiff's Fourth Amendment and Fourteenth Amendment Rights

29. Plaintiff realleges each and every allegation contained in paragraphs 1 through 28 of the complaint.

30. Defendants Vega and Bruzzese, who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States, and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

31. Plaintiff suffered injury as a result of defendants Vega and Bruzzese's conduct.

## SECOND CLAIM FOR RELIEF

### Violation of Plaintiff's Fourth Amendment Right

32. Plaintiff realleges each and every allegation contained in paragraphs 1 through 31 of the complaint.

33. The use of excessive force by defendants Vega and Yelena Bruzzese, acting in concert, in punching, pushing, restraining, and striking plaintiff was an objectively unreasonable physical seizure of plaintiff in violation of his rights under the Fourth Amendment to the Constitution of the United States.

34. Plaintiff suffered injury as a result of defendants Vega and Bruzzese's conduct.

## THIRD CLAIM FOR RELIEF

### Assault

35. Plaintiff realleges each and every allegation contained in paragraphs 1 through 34 of the complaint.

36. Defendants Vega and Bruzzese, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact, and intentionally engaged in a violent and/or overt menacing act, which threatened such contact to the plaintiff, and that such act(s) caused reasonable apprehension of such contact in the plaintiff.

37. Defendants Vega and Bruzzese were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the

NYPD. The City of New York and the NYPD are responsible for Vega's and Bruzzese's conduct.

38. Plaintiff suffered injury as a result of defendants Vega and Bruzzese's conduct.

39. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FOURTH CLAIM FOR RELIEF

#### Battery

40. Plaintiff realleges each and every allegation contained in paragraphs 1 through 39 of the complaint.

41. The defendants Vega and Bruzzese, acting within the scope of their employment, intentionally, willfully, and maliciously battered plaintiff when they, in a hostile and/or offensive manner struck plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

42. Defendants Vega and Bruzzese were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

43. Plaintiff suffered injury as a result of defendants Vega and Bruzzese's conduct.

44. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CLAIM FOR RELIEF

### False Arrest and False Imprisonment

45. Plaintiff realleges each and every allegation contained in paragraphs 1 through 44 of the complaint.

46. The acts and conduct of the defendants Vega and Bruzzese constitute false arrest and false imprisonment under the laws of the State of New York. Defendants intended to confine plaintiff, and, in fact, confined plaintiff, and plaintiff was conscious of the confinement. Moreover, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

47. Defendants Vega and Bruzzese were at all relevant times agents, servants, and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

48. Plaintiff suffered injury as a result of defendants' conducts.

49. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CLAIM FOR RELIEF

### Malicious Prosecution

50. Plaintiff realleges each and every allegation contained in paragraphs 1 through 49 of the complaint.

51. The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth Amendment to the Constitution of the United States. Defendants commenced and continued a criminal proceeding against plaintiff. Defendants acted with actual malice in commencing and continuing the proceeding and there

8

was an absence of probable cause for the criminal proceeding. Furthermore, the criminal proceeding was terminated favorably to plaintiff.

52. Defendants were at all relevant times agents, servants and employees acting within the scope of their employment by the City of New York and the NYPD, which are therefore responsible for their conduct.

53. Plaintiff suffered injury as a result of defendants' conduct.

54. Pursuant to 28 U.S.C. § 1367, this Court has supplemental or pendant jurisdiction to hear and adjudicate such claims. Pursuant to the Fourth Amendment of the United States Constitution, this Court has jurisdiction to hear the federally based claim.

## SEVENTH CLAIM FOR RELIEF

## Negligent Hiring, Retention, Training and Supervision

55. Plaintiff realleges each and every allegation contained in paragraphs 1 through 54 of the complaint.

56. Defendant The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants Vega and Bruzzese, individuals who were unfit for the performance of police duties on October 8, 2012, at the aforementioned location.

57. Plaintiff suffered injury as a result of the conduct of defendant The City of New York.

58. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

59. Plaintiff hereby demands trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for relief as follows:

A.      That the jury find and the Court adjudge and decree that plaintiff Ehud Halevy shall recover compensatory damages in an amount to be determined at trial against the individual defendants and the City of New York, jointly and severally, together with interests and costs, and punitive damages in an amount to be determined at trial against the individual defendants, jointly and severally.

B.      That the plaintiff recover the cost of this suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

C.      That the plaintiff have such other and further relief as the Court shall deem just and proper.

Dated:      September 23, 2013
            New York, New York

SIEGEL TEITELBAUM & EVANS, LLP

By: *[signature]*
        Norman Siegel

By: *[signature]*
        Herbert Teitelbaum
        Sharon Sprayregen

EMERY CELLI BRINCKERHOFF & ABADY LLP

By: *[signature]*
        Earl Ward
        75 Rockefeller Plaza, 20th Floor
        New York, NY 10019
        (212) 763-5070
        eward@ecbalaw.com

ATTORNEYS FOR PLAINTIFF

10